IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KONSTANTIN JELEBINKOV, | ) |
| Plaintiff, | ) |
| | ) Case No. 1:14-cv-07372 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| BLATT, HASENMILLER, LEIBSKER & MOORE, LLC, | ) |
| | ) Mag. Judge Sidney I. Schenkier |
| Defendant. | ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

NOW COMES Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM"), by and through its attorneys, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

**ANSWER:** BHLM admits that Plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), but denies that it violated the FDCPA, denies that it is liable to Plaintiff, and denies that Plaintiff has suffered any damages as a result of BHLM's acts or omissions.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA) and 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States.

**ANSWER:** BLHM admits that subject matter jurisdiction exists, but denies that it violated the FDCPA, denies that it is liable to Plaintiff, and denies that Plaintiff has suffered any damages as a result of BHLM's acts or omissions.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claim occurred within the Northern District of Illinois.

**ANSWER:** BLHM admits that venue is proper in this Court, but denies that it violated the FDCPA, denies that it is liable to Plaintiff, and denies that Plaintiff has suffered any damages as a result of BHLM's acts or omissions.

## PARTIES

4. Konstantin is a natural person who resides in the Northern District of Illinois and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

**ANSWER:** BHLM is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, denies same.

5. At all times relevant to the action, Blatt was a corporation in the state of Illinois with headquarters located at 125 S. Wacker Drive, Suite 400, Chicago, Illinois 60606.

**ANSWER:** BHLM admits that it is a law firm organized as an Illinois limited liability corporation with its principal office located at 10 South LaSalle St., Ste. 2200, Chicago, IL 60603, and denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Blatt is a "debt collector" as defined by the FDCPA, U.S.C. §1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER:** BHLM admits that, as a general matter, it is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) but is without knowledge or information sufficient to form a belief as to whether it was acting as a "debt collector" in this matter and, therefore, denies same.

## FACTS SUPPORTING CAUSE OF ACTION

7. Capital One Bank (USA) National Association, ("Capital One") has been attempting to collect from Konstantin an alleged consumer debt in the amount of $4,337.93.

**ANSWER:** BHLM is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, denies same.

8. On October 9, 2013, Blatt, on behalf of Capital One, filed a complaint in the Circuit Court of Cook County, Illinois against Konstantin. The case was captioned *Capital One Bank v. Konstantin Jelebinkov*, case number 2013 M1 155716 ("Collection Case"). *See* Exhibit A, a true and correct copy of the Collection Case court docket.

**ANSWER:** BHLM admits the allegations contained in Paragraph 8 of the Complaint.

9. Blatt filed the Collection Case at the Richard J. Daley Center Courthouse. *Id.*

**ANSWER:** BHLM admits the allegations contained in Paragraph 9 of the Complaint.

10. The Richard J. Daley Center Courthouse serves Cook County's First Municipal District. *See* Exhibit B, a true and correct copy of a map of the Circuit Court of Cook County Municipal Districts and Courthouses.

**ANSWER:** BHLM denies that the Richard J. Daley Center Courthouse "serves" only the First Municipal District. BHLM is without knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 10 of the Complaint and, therefore, denies same

11. Civil matters that do not meet the damages threshold to be filed in the Law Division of the Circuit Court of Cook County are assigned to the Circuit Court's Civil/Municipal Division.

**ANSWER:** BHLM admits only that the Cook County Circuit Court's filing and assignment rules and procedures speak for themselves, and denies any allegations contained in Paragraph 11 of the Complaint that are inconsistent therewith.

12. Cases filed in the First Municipal District are identified by the abbreviation "M1."

3

**ANSWER:** BHLM admits only that the Cook County Circuit Court's filing and assignment rules and procedures speak for themselves, and denies any allegations contained in Paragraph 12 of the Complaint that are inconsistent therewith.

13. Konstantin resides at 7406 West Arcadia Avenue, Morton Grove, Illinois 60053.

**ANSWER:** BHLM is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies same.

14. Morton Grove, Illinois is located within Cook County, but is located within the Circuit Court of Cook County's Second Municipal District. *Id.*

**ANSWER:** BHLM admits only that the Cook County Circuit Court's filing and assignment rules and procedures, and its administrative structure, speak for themselves, and denies any allegations contained in Paragraph 14 of the Complaint that are inconsistent therewith.

15. The Skokie Courthouse is the courthouse that serves the Circuit Court of Cook County's Second Municipal District. *Id.*

**ANSWER:** BHLM admits only that the Cook County Circuit Court's filing and assignment rules and procedures, and its administrative structure, speak for themselves, and denies any allegations contained in Paragraph 15 of the Complaint that are inconsistent therewith.

16. The Richard J. Daley Center Courthouse is 18 miles from Konstantin's home.

**ANSWER:** BHLM is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, denies same.

17. In contrast, the Skokie Courthouse is 3.9 miles from Konstantin's home.

**ANSWER:** BHLM is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies same.

18. In order for Konstantin to travel to the Skokie Courthouse from his home, he would merely have to drive on Golf Road and park in the free parking lot at the Skokie Courthouse.

**ANSWER:** BHLM is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies same.

19. According to Google Maps, the trip would take about 9 minutes.

**ANSWER:** BHLM is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies same.

20. In order for Konstantin to travel to the Richard J. Daley Center Courthouse, he must first take Interstate 90 East/Interstate 94 East to Chicago, locate expensive parking for his vehicle, and make his way there either on foot or via taxi.

**ANSWER:** BHLM is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies same.

21. According to Google Maps, this trip will take 32 minutes excluding the time spent in traffic, locating parking, and actually making the trek to the Richard J. Daley Center Courthouse.

**ANSWER:** BHLM is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies same.

22. The courthouse closest to Konstantin's home is the Skokie Courthouse.

**ANSWER:** BHLM is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, denies same.

**COUNT I -- VIOLATION OF THE FEDERAL DEBT COLLECTION PRACTICES ACT**

23. Konstantin repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

**ANSWER:** BHLM repeats its answers to Paragraphs 1 through 22 above as though fully set forth herein.

24. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

**ANSWER:** BHLM is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, denies same.

25. 15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

**ANSWER:** BHLM admits that 15 U.S.C.§1692i(a)(2) speaks for itself and denies any allegations contained in Paragraph 25 of the Complaint that are inconsistent therewith.

26. The closest courthouse to Konstantin is the Skokie Courthouse.

**ANSWER:** BHLM is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, denies same.

27. Blatt violated 15 U.S.C. §1692i(a)(2) when it filed the Collection Case at the Richard J. Daley Center Courthouse, a location some 14.1 miles further from Konstantin's house than the Skokie Courthouse.

**ANSWER:** BHLM denies the allegations contained in Paragraph 27 of the Complaint.

28. Blatt sued Konstantin at a remote courthouse in order to discourage him from appearing and defending the Collection Case.

**ANSWER:** BHLM denies the allegations contained in Paragraph 28 of the Complaint.

29. Blatt's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

**ANSWER:** BHLM denies the allegations contained in Paragraph 29 of the Complaint.

30. Konstantin is therefore entitled to an award of statutory damages and legal fees pursuant to 15 U.S.C. §1692.

**ANSWER:** BHLM denies the allegations contained in Paragraph 30 of the Complaint.

## AFFIRMATIVE DEFENSES

Without conceding any applicable burden of proof, BHLM alleges the following affirmative defenses to the claims set forth in the Complaint.

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff failed to mitigate his damages, if any.

3. Plaintiff's damages, if any, and none being admitted, were not caused by BHLM, but by another person or entity, including Plaintiff, for whom BHLM is not responsible and over whom BHLM exercises no control.

4. Plaintiff's claims may barred by the doctrines of laches, estoppel, unclean hands, ratification, collateral estoppel, res judicata or waiver.

5. Any violation of the FDCPA was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

6. Plaintiff's claims may be subject to arbitration.

7. Plaintiff's claims may be barred by the applicable statute of limitations.

8. Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent Plaintiff's claims may be barred by one or more of the affirmative defenses not specifically cited above, BHLM incorporates all such defenses set forth in, or contemplated by, Rule 8(c).

WHEREFORE, BHLM respectfully requests that this Court enter judgment in BHLM's favor, dismiss the Complaint with prejudice, award BHLM all costs and fees incurred herein, and order such further relief this Court deems just, necessary and appropriate.

DEFENDANT DEMANDS TRIAL BY JURY.

Dated: October 23, 2014

>Respectfully submitted,
>
>BLATT, HASENMILLER, LEIBSKER &
>MOORE, LLC
>
>By: /s/David L. Hartsell
>      One of Its Attorneys

7

                David L. Hartsell
                Helen D. Arnold
                McGUIREWOODS LLP
                77 W. Wacker Drive, Suite 4100
                Chicago, Illinois 60601-1818
                (312) 849-8100
                (312) 849-3690 (fax)
                dhartsell@mcguirewoods.com
                harnold@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system on this 23rd day of October, 2014, which constitutes service on below counsel who are registered electronic filing users, pursuant to FED. R. CIV. P. 5(b)(2)(D) and L.R. 5.9:

>Ahmad Tayseer Sulaiman, First
>Sulaiman Law Group, Ltd.
>ahmad.sulaiman@sulaimanlaw.com
>
>Daniel John McGarry
>Sulaiman Law Group, Ltd.
>dmcgarry@sulaimanlaw.com
>
>Mohammed Omar Badwan
>Sulaiman Law Group, Ltd.
>mbadwan@sulaimanlaw.com

/s/David L Hartsell

61263550_1